UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BROOKE PRIBYL,

                Plaintiff(s),

v.

ALLSTATE INSURANCE COMPANY, et al.,

                Defendant(s).

Case No. 2:17-CV-2068 JCM (VCF)

ORDER

Presently before the court is plaintiff Brooke Pribyl and defendant Allstate Fire and Casualty Insurance Company's ("Allstate") stipulation and order to extend deadline for defendant's reply to dispositive motions. (ECF No. 22).

Also before the court is Allstate's motion to dismiss in part, or in the alternative, motion for partial summary judgment. (ECF No. 8). Pribyl filed a response (ECF No. 11), to which Allstate replied. (ECF No. 23).

Also before the court is Pribyl's motion for leave to amend complaint, which was included in the response. (ECF No. 11). Allstate addressed the motion for leave to amend complaint in the reply. (ECF No. 23).

**I.    Facts**

This action arises from Pribyl's car insurance claim against her insurer, Allstate. (ECF No. 1). Pribyl alleges that on July 8, 2016, an underinsured motorist negligently attempted to bypass her, causing a T-bone collision. *Id.* The complaint mentions that Pribyl incurred bodily injuries, disability, and pain and suffering, but does not give specific details about the nature of these

injuries. *Id*. Pribyl's medical records, however, show that she sustained injuries to her neck, back, knee, and left arm. (ECF No. 9).

At the time of the collision, Pribyl had a car insurance policy with Allstate, which included a $250,000 per person limit for bodily injuries and a $500,000 limit for each occurrence. (ECF Nos. 1, 8). On December 1, 2016, Pribyl sent to Allstate a demand letter for payment of the $250,000 policy limit in full. *Id*. The letter listed in excess of $72,000 in past medical damages and $300,000 for future medical expenses. *Id*. On December 5, Allstate confirmed receipt of the letter and sent Pribyl a follow up letter listing items that were missing in the letter. *Id*. On December 8, 2016, Pribyl sent to Allstate the missing documents. *Id*.

On December 28, 2016, Allstate requested Pribyl's prior medical records for the previous three years, which Pribyl promptly provided. *Id*. These records indicate that Pribyl has had severe neck and back pain since August 17, 2012. (ECF No. 9). On February 2, 2017, Allstate requested for Pribyl to undergo an independent medical examination with Dr. Lee. (ECF Nos. 1, 8). Allstate's poor communication with its medical examiner caused numerous delays. *Id*. Pribyl eventually completed the examination on April 17, 2017. *Id*. Dr. Lee concluded that any treatments beyond the first two (2) months were not related to the accident. (ECF No. 9).

On June 1, 2017, after reviewing Dr. Lee's report, Allstate offered $22,529.43 to settle Pribyl's claim. (ECF Nos. 1, 8). Pribyl rejected the offer and filed her complaint. *Id*. The complaint alleges four causes of actions: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) violation of Unfair Claim Practices Act, and (4) unjust enrichment. (ECF No. 1).

Now, Allstate moves for dismissal, or in the alternative, summary judgment for the second, third, and fourth causes of action. (ECF No. 8).

**II.    Legal Standard**

   *a. Leave to Amend*

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court

**James C. Mahan
U.S. District Judge**

- 2 -

has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

  b. *Motion to dismiss*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### c. Summary Judgment

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would

bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all

justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

As a preliminary matter, the court recognizes that Pribyl's substitution of counsel and ongoing arbitration negotiations caused Allstate to reasonably delay submission of its reply. The parties have stipulated to an extension and Allstate has filed its reply in accordance with their request. Accordingly, the court will grant the parties' stipulation to extend time.

The court first addresses Pribyl's motion for leave to amend the complaint because granting leave to amend would render Allstate's motion to dismiss moot. *See Palivos v. Fed'n Int'l Football Ass'n*, No. 2:15-cv-01721-JCM-CWH, 2016 WL 4059360 at *4 (D. Nev. July 27, 2017); *see also Witt v. Hampton & Hampton*, No. 2:13-cv-02344-GMN-FWF, 2014 WL 4854302, at *1 (D. Nev. Sept. 29, 2014). The court then addresses Allstate's motions to dismiss and, subsequently, Allstate's motion for summary judgment.

*a. Leave to Amend*

Pursuant to Local Rule IC 2-2(b), "for each type of relief requested or purpose of the document, a separate document must be filed." LR IC 2-2(b). The Local Rules illustrate this rule with the following example: "separate documents must be filed for a response to a motion and a countermotion . . . rather than filing a response and a countermotion in one document." *Id*. Here, Pribyl included in her response a countermotion requesting leave to amend complaint. *See* (ECF No. 11). The court cannot consider Pribyl's request for leave to amend complaint unless it is filed separately, as a motion.

Further, even if Pribyl had filed her motion separately, it would still be a non-compliant document under the Local Rules. "Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." LR 15-1. Pribyl did not attach her proposed amended complaint and the court has not issued an order permitting otherwise. *See* (ECF No. 11) (Exhibit "1" is a copy of the original complaint).

Accordingly, the court will deny Pribyl's motion for leave to amend complaint without prejudice.

  b. *Motion to dismiss*

Pribyl raises four causes of actions: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) violation of Unfair Claim Practices Act, and (4) unjust enrichment. (ECF No. 1). Allstate moves to dismiss only the second, third, and fourth claims. (ECF No. 8). The court, hereby, assesses the plausibility of Pribyl's allegations.

   i. *Breach of covenant of good faith and fair dealing*

"It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 426–27 (Nev. 2007). The purpose of the claim is to prevent a contracting party from "deliberately counterven[ing] the intention and spirit of the contract." *Morris v. Bank of America Nevada*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege: (1) plaintiff and defendant were parties to a contract; (2) defendant owed a duty of good faith the plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. *See Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919 (Nev. 1991).

Here, Pribyl alleges that she has an insurance policy with Allstate and has given details regarding her coverage for bodily injuries under the policy. (ECF No. 1). Because contracts have an implied covenant of good faith and fair dealing, Pribyl's alleged policy with Allstate is sufficient to plead that Allstate owed a duty of good faith. Pribyl also alleges that Allstate breached that duty by not being fair in evaluating her damages. *Id*. Despite allegedly knowing that Pribyl had substantial injuries as evidenced by her demand letter, Allstate only offered her a fraction of her past medical expenses. *Id*. Allstate also refused to provide any compensation for Pribyl's future treatments. *Id*. Finally, Pribyl alleges that Allstate's offer was unreasonably low in light of her

substantial injuries. *Id*. Pribyl continues that she sustained serious injuries and those injuries led her to demand $250,000 in compensation, which was less than her total estimated loss. *Id*.

To survive a motion to dismiss, Pribyl only needs to make allegations that allow the court to draw a reasonable inference in her favor. *See Iqbal*, 556 U.S. at 678. If Pribyl's shows her allegations to be true—that she incurred substantial injuries, that she reasonably expected to recover $250,000, and that Allstate offered only a fraction of her medical losses despite knowing the extent of Pribyl's injuries—she would recover damages for breach of implied covenant of good faith and fair dealing. Though this does not touch the merits of Pribyl's case, it is sufficient to meet the pleading standard set by *Twombly*, *Iqbal*, and the Federal Rules of Civil Procedure. Accordingly, the court will not dismiss Pribyl's second cause of action.

  ii. *Violation of Unfair Claim Practices Act*

The Nevada Unfair Claims Practices Act, codified at Section 686A.310 of the Nevada Revised Statutes, addresses "the manner in which an insurer handles an insured's claim." *Zurich Am. Ins. Co. v. Coeur Rochester*, Inc., 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010). The statute lists sixteen activities that constitute unfair practices. Nev. Rev. Stat. § 686A.310(1)(a)-(p). When an insurance company engages in one of these prohibited activities, the insured may bring a private right of action against the insurer for violations of the statute. *See Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F.Supp. 900, 903 (D. Nev. 1994).

Pribyl identifies six provisions of the Unfair Claims Practices Act that Allstate allegedly violated. These provisions read:

> (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
>
> (c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

(d) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.

(e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.

(f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

(g) Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application.

Nev. Rev. Stat. § 686A.310(1)(b)-(g).

Here, Pribyl alleges that she did not receive an offer from her insurer until approximately six (6) months after sending a demand letter. (ECF No. 1). The purported reason for Allstate's delay was a failure to have reasonable standards for sharing records with different individuals and entities, including independent medical examiners. *Id*. Pribyl continues that when Allstate finally made an offer, it was unreasonably low as it was a fraction of her damages. *Id*.

NRS §686A.310(1) contains many subsections, which include prohibitions on unreasonable delays, not instituting reasonable standards for prompt resolution of claims, and offering unreasonable or unfair settlements. *See* Nev. Rev. Stat § 686A.310(1)(b)-(e). Pribyl alleges details that support her claims that Allstate did not act reasonably promptly, did not have reasonable standards for resolving claims, and did not make a reasonable settlement offer. These allegations are sufficient to plead a violation of the Unfair Claims Practices Act. Accordingly, the court will not dismiss Pribyl's third cause of action.

*iii. Unjust Enrichment*

Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortgage & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981); *see also Asphalt Prods. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995). However, where there is an express contract, an unjust enrichment claim is unavailable. *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12*, 1975, 942 P.2d 182, 187 (Nev. 1997).

To state a claim for unjust enrichment, a plaintiff must allege: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances where it would be inequitable to retain the benefit without payment. *See Leasepartners Corp., Inc. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997)

Here, Pribyl alleges that she has an insurance policy with Allstate. (ECF No. 1). Pribyl even alleges particular obligations set by the contract. *Id*. Such allegations are inconsistent with a claim for unjust enrichment because unjust enrichment is a quasi-contract theory that applies only when there does not exist an express contract. *See Leasepartners Corp.*, 942 P.2d at 187. Assuming that Pribyl allegations are true precludes any reasonable inference that Pribyl will prevail on a claim for unjust enrichment. *See Iqbal*, 556 U.S. at 678–79 (holding that courts must take well-pled factual allegation in the complaint to be true). Accordingly, the court will dismiss Pribyl's fourth cause of action without prejudice.

*c. Summary Judgment*

Pursuant to Local Rule IC 2-2(b), "for each type of relief requested or purpose of the document, a separate document must be filed." LR IC 2-2(b). The Local Rules illustrate this rule with the following example: "separate documents must be filed for a motion to dismiss and a motion to sever, rather than filing a motion to dismiss and to sever in one document." *Id*. Here, Allstate filed its motion to dismiss together with its motion for summary judgment. *See* (ECF No.

8). The court cannot consider Allstate's motion for summary judgment unless it is filed separately. Accordingly, the court will deny Allstate's motion for summary judgment without prejudice.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the parties' stipulation and order to extend deadline for defendant's reply to dispositive motions (ECF No. 22) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Pribyl's motion for leave to amend complaint (ECF No. 11) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Allstate's motion to dismiss in part, or in the alternative, motion for partial summary judgment (ECF No. 8) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED August 27, 2018.

_____
UNITED STATES DISTRICT JUDGE